UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| TRUSTED HEALTH PRODUCTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| BLUE CROSS LABORATORIES, INC. | ) |
| Defendant. | ) |

## COMPLAINT

For its complaint against defendant Blue Cross Laboratories, Inc. (hereafter "BCL"), plaintiff Trusted Health Products, Inc. (hereafter "Trusted Health") states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Trusted Health is a Kentucky corporation having its principal place of business in Lexington, Fayette County, Kentucky.

2. On information and belief, defendant BCL is a California corporation having its principal place of business in Santa Clarita, California.

3. This is an action seeking monetary and injunctive relief for violation of Section 43 of the Lanham Act (15 U.S.C. § 1125) and Kentucky's common law of unfair competition, as well as cancelation of U.S. Trademark Registration No. 4,069,494 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).

4.     This Court has original and supplemental jurisdiction over the subject matter of this case pursuant to sections 1331 and 1367 of Title 28 of the United States Code.

5.     The Lexington Division of the United States District Court for the Eastern District of Kentucky is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), and (c) because, on information and belief, BCL markets and sells its products nationwide, including in in this judicial district, solicits and transacts business in this district, derives substantial income from its business in this district, and has caused Trusted Health's injuries alleged herein from acts within, or directed toward, Kentucky and the Eastern District of Kentucky.

## FACTUAL ALLEGATIONS

6.     Continuously since at least June 2006, Trusted Health has marketed and sold a product (hereafter "ReliefMD Product") comprised of natural botanical oils under the trademark "RELIEFMD" (hereafter "Mark") throughout the United States.

7.     Trusted Health's ReliefMD Product is a formulation of almond, eucalyptus, peppermint, wintergreen, camphor, spearmint, and olive oils designed to alleviate discomfort associated with, among other things, sprains, muscle strains, sore backs and necks, swollen joints, and other body discomfort.

8.     Continuously since 2006, Trusted Health has used the Mark in connection with the nationwide online marketing and sales of its ReliefMD Product,

including use of the Mark online at Trusted Health's websites (located at reliefmd.com and trustedhealthproducts.com) and in print advertising.

9. Trusted Health has sold the Product since 2006, and by the end of 2010, the company had sold the Product to customers in forty-nine of the fifty states in the United States.

10. Trusted Health has strong common law trademark rights in the Mark throughout the United States because the Mark is inherently distinctive by nature and Trusted Health has used the Mark in interstate commerce to promote the sale of the ReliefMD Product since 2006.

11. In 2010, on information and belief, BCL filed an application with the United States Patent & Trademark Office ("USPTO") to register "RELIEF MD" as a trademark for use in connection with the sale of Epsom salts.

12. In its application, BCL stated that the date it first used the "RELIEF MD" mark in commerce was June 3, 2010.

13. The USPTO ultimately approved BCL's application and registered the "RELIEF MD" mark on the Principal Register as Registration No. 4,069,494 (hereafter the "494 Registration").

14. BCL now markets and sells a wide variety of products under the RELIEF MD mark, such as "Relief MD Epsom Salt," "Relief MD Sore Muscle and Back Soak," and "Relief MD Foot Soak" (hereafter "BCL Products").

15. BCL further offers certain of the BCL Products in multiple scented varieties such as "Eucalyptus Scented," "Spearmint & Menthol Scented," and "Lavender Scented."

16. BCL's packaging conspicuously bears the "Relief MD" name and promotes the BCL Products as, among other things, an "aid for minor sprains and bruises," "relief for tired feet," and a product for "minor aches and pains" and "muscle cramps, soreness, and fatigue."

17. The BCL Products are widely available for purchase through a wide variety of national online merchants such as Amazon.com, Sears.com, and DollarTree.com, which means that the BCL Products are marketed and sold through the same marketing channels as the Trusted Health Product and to the same or similar general demographics of customers as the Trusted Health Product.

18. Both Trusted Health's Product and BCL Products normally are priced below $20.00 (with the BCL Products generally selling online for less than $5.00 per unit), which means that the degree of purchaser care in making a purchase of these and similar products is relatively low.

19. Because Trusted Health's use of the Mark in interstate commerce predates BCL's 2010 date of first use, Trusted Health is the senior user of the Mark despite BCL's actions in acquiring the '494 Registration.

20. A common practice among trademark registrants is to perform a trademark search, including a basic internet search, prior to filing an application to register a trademark with the USPTO.

21. A cursory internet search, as well as a search of registered domain names, in 2010 and after would have revealed to BCL that Trusted Health was already actively using the Mark in connection with the sale and marketing of Trusted Health's ReliefMD product.

22. On information and belief, upon applying to register its claim to trademark rights in the "Relief MD" name in 2010, BCL had active or constructive knowledge of Trusted Health's prior and ongoing use of the Mark in interstate commerce for a product intended to treat the same or similar body ailments as the BCL Products.

23. On information and belief, by selecting and using the RELIEF MD name with actual or constructive knowledge of Trusted Health's use of a virtually identical mark for highly similar products, BCL evidenced a lack of good faith.

24. A likelihood of confusion exists due to the virtual identity of Trusted Health's Mark (RELIEFMD) and BCL's mark (RELIEF MD), the highly related nature of the two companies' products (including the similarity of the advertised ingredients in Trusted Health's Product and the advertised "scents" of the BCL Products), the identical or related marketing channels used by the two companies, the relatively low degree of purchaser care, and BCL's apparent lack of good faith in selecting and using its mark despite actual or constructive knowledge of Trusted Health's Mark.

25. In addition to a likelihood of confusion, Trusted Health has encountered actual confusion among potential purchasers regarding the two companies' products.

26. On October 31, 2012, Trusted Health filed an application at the USPTO to register its Mark for use in connection with various described goods relating to the alleviation of bodily discomfort.

27. On February 27, 2013, the USPTO issued an office action on Trusted Health's application (Serial No. 85,768,236) stating that registration of the Mark would be refused because of a likelihood of confusion with BCL's '494 Registration and citing as primary factors the "similarity of the marks, similarity and nature of the goods, and similarity of the trade channels of the goods."

28. On information and belief, BCL's use of the "RELIEF MD" name in connection with the sale of the BCL Products has caused, or is likely to cause, "reverse confusion" in the marketplace.

### COUNT I - VIOLATION OF 15 U.S.C. § 1125
### (LANHAM ACT § 43)

29. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

30. Section 43 of the federal Lanham Act provides, *inter alia*, the following:

> Any person who, on or in connection with any goods or services, … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>     (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such

> person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
>
> ....
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

31. As set forth above, by its false and unauthorized use of the "RELIEF MD" name in its marketing, promotion, and sale of the BCL Products, BCL has caused both a likelihood of confusion and actual confusion among purchasers regarding the affiliation, connection, and association of the BCL Products with Trusted Health, as well as the sources of BCL's and Trusted Health's respective products.

32. Through its actions, BCL has violated and continues to violate the prohibitions set forth in 15 U.S.C. § 1125(a)(1).

33. The aforementioned conduct of BCL has occurred within interstate commerce and has had a substantial impact on interstate commerce.

34. Trusted Health has been damaged by the conduct of BCL in that it has suffered damage by, among other things, harm to its identity, reputation, and goodwill and by confusion among the consuming public.

### COUNT II – UNFAIR COMPETITION
### UNDER KENTUCKY COMMON LAW

35. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

36. BCL's actions create a likelihood of confusion or deception within the consuming public regarding the source of the BCL Products and Trusted Health's Product.

37. BCL has acted knowingly, with reckless disregard, or through willful blindness regarding the aforesaid likelihood of confusion or deception and regarding Trusted Health's prior rights in the Mark.

38. Under Kentucky's common law of unfair competition, BCL's use of the "RELIEF MD" name in connection with the sale of the BCL Products constitutes unfair competition and the palming off of the BCL Products as those of Trusted Health.

39. Trusted Health has been damaged by the foregoing conduct of BCL.

### COUNT III – CANCELLATION OF BCL'S U.S. TRADEMARK REGISTRATION NO. 4,069,494

40. The foregoing paragraphs of this Complaint are incorporated herein as if specifically set forth.

41. This is a claim for cancellation of a trademark registration under 15 U.S.C. § 1119.

42. Pursuant to 15 U.S.C. § 1052, a claimed mark must be refused registration if it "consists of or comprises a mark which so resembles … a mark or trade name previously used in the United States and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive …."

43. At the time of BCL's application from which the '494 Registration issued, BCL's "RELIEF MD" mark was likely to cause confusion, mistake, or deception when used in connection with the BCL Products and more generally in connection with the applied for goods (Epsom salts), due to Trusted Health's prior use in the United States of its Mark, which had not been abandoned, in connection with the Mark.

44. For the foregoing reasons, the USPTO should not have permitted registration of BCL's claim to trademark rights in the RELIEF MD name.

45. Accordingly, this Court should order cancelation of U.S. Registration No. 4,069,494.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands a trial by jury on all counts so triable and requests that the Court adjudge and decree the following relief:

A.  preliminary and permanent injunctive relief as is necessary and appropriate to prevent further violations of 15 U.S.C. §1125(a) and Kentucky's common law of unfair competition;

B.  an award to the Plaintiff of its damages, as well as treble damages pursuant to 15 U.S.C. § 1117;

C.  a disgorgement of profits by defendants;

D.  pre- and post-judgment interest at the highest rates allowed by law;

E.   an award of Plaintiff's attorney's fees and costs pursuant to, *inter alia*, 15 U.S.C. § 1117;

F.   an order directing the USPTO to cancel U.S. Registration No. 4,069,494;

G.   any and all such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/William L. Montague, Jr.
William L. Montague, Jr.
MONTAGUE LAW PLLC
163 East Main Street, Suite 300
Lexington, Kentucky 40507
(859) 280-3229 (telephone)
(888) 398-4958 (facsimile)
will.montague@wmlex.com

*Counsel for Plaintiff*